Robert C. Weems (CA SBN 148156)
WEEMS LAW OFFICES
526 3rd Street, Ste A-2
San Rafael, CA 94901
Ph: 415.881.7653
Fx: 866.610.1430
rcweems@weemslawoffices.com

Attorneys for Plaintiff,
    MICHELLE A. HIGGINS

DAVID L. ANDERSON, CSBN 149604
    United States Attorney
DEBORAH STACHEL, CSBN 230138
    Regional Chief Counsel, Region IX
    Social Security Administration
CHANTAL R. JENKINS, PA SBN 307531
    Special Assistant United States Attorney
160 Spear Street, Suite 800
San Francisco, California 94105
Telephone: (415) 977-8945
Facsimile: (415) 744-0134
Email: chantal.jenkins@ssa.gov

Attorneys for Defendant,
    ANDREW SAUL,
    Commissioner of Social Security

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHELLE A. HIGGINS,<br><br>    Plaintiff,<br><br>v.<br><br>ANDREW M. SAUL,<br>  Commissioner of Social Security,<br><br>    Defendant. | Case No. 2:19-cv-01593-KJN<br><br>STIPULATION AND ORDER RE: ATTORNEYS FEES |

IT IS HEREBY STIPULATED by and between the parties through their undersigned counsel, subject to the approval of the Court, that Plaintiff be awarded attorney fees and expenses in the amount of Nine Thousand Five Hundred Dollars and no cents ($9,500.00) under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d), and no costs under 28 U.S.C. § 1920. This amount represents compensation for all legal services rendered on behalf of Plaintiff by counsel in

1

connection with this civil action, in accordance with 28 U.S.C. §§ 1920; 2412(d).

After the Court issues an order for EAJA fees to Plaintiff, the government will consider the matter of Plaintiff's assignment of EAJA fees to his counsel. Pursuant to *Astrue v. Ratliff,* 560 U.S. 586, 598 (2010), the ability to honor the assignment will depend on whether the fees are subject to any offset allowed under the United States Department of the Treasury's Offset Program. After the order for EAJA fees is entered, the government will determine whether they are subject to any offset.

Fees shall be made payable to Plaintiff, but if the Department of the Treasury determines that Plaintiff does not owe a federal debt, then the government shall cause the payment of fees, expenses and costs to be made directly to Plaintiff's counsel, pursuant to the assignment executed by Plaintiff. Any payments made shall be delivered to Plaintiff's counsel.

This stipulation constitutes a compromise settlement of Plaintiff's request for EAJA attorney fees and does not constitute an admission of liability on the part of Defendant under the EAJA or otherwise. Payment of the agreed amount shall constitute a complete release from, and bar to, any and all claims that Plaintiff and/or counsel including counsel's firm may have relating to EAJA attorney fees in connection with this action.

This award is without prejudice to the rights of counsel and/or counsel's firm to seek Social Security Act attorney fees under 42 U.S.C. § 406(b), subject to the savings clause provisions of the EAJA.

SO STIPULATED AND AGREED:

Dated: October 26, 2020

DAVID L. ANDERSON
United States Attorney

*/s/ Chantal R. Jenkins*
CHANTAL R. JENKINS,
Special Assistant United States Attorney

Dated: October 26, 2020

WEEMS LAW OFFICES

*/s/ Robert C. Weems*
Robert C. Weems,
Attorney for Plaintiff

2

STIPULATION: FEES                                                                                          Case No. 2:19-cv-01593-KJN

**ORDER**

APPROVED AND SO ORDERED.

Dated: October 26, 2020

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE