UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHELLE A. HIGGINS,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>　　　　Defendant. | No. 2:19–cv–1593–KJM–KJN<br><br>FINDINGS & RECOMMENDATIONS TO GRANT ATTORNEY'S FEES UNDER 42 U.S.C. §§ 406(B) AND 1383(D)<br><br>(ECF No. 26) |

Presently before the court is plaintiff's counsel Robert Weems' motion for attorney's fees pursuant to 42 U.S.C. § 406(b), which the court construes as a motion for attorney's fees under 42 U.S.C. § 1383(d). (ECF No. 26.)[1] The Commissioner filed an advisory response, and the undersigned took the motion under submission. (ECF Nos. 27, 28.) For the following reasons, the undersigned recommends GRANTING the motion for attorney's fees but ordering plaintiff's counsel to refund to plaintiff the prior Equal Access to Justice Act ("EAJA") award, rather than ordering a "net" award as requested by counsel.

///

///

---

[1] This case was referred to the undersigned pursuant to Local Rule 302(c)(15).

1

**Background**

In August 2019, plaintiff initiated this action appealing the Commissioner's final decision denying her applications for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act and Supplemental Security Income ("SSI") under Title XVI of the Act. (ECF No. 1.)  In April 2020, plaintiff filed a 40-page brief in support of her motion for summary judgment seeking reversal of the Commissioner's decision. (ECF No. 16.)  Thereafter, the Commissioner stipulated to voluntarily reverse the decision and remand for further proceedings. (ECF No. 20.)  The undersigned approved the stipulation on July 1, 2020, remanding the case to the agency for further proceedings. (ECF No. 21.)  In October 2020, the undersigned also approved the parties' stipulation to award plaintiff $9,500.00 in attorney's fees and expenses under the EAJA. (ECF Nos. 24, 25.)  The government subsequently recognized plaintiff's assignment of those EAJA fees to her attorney and paid the $9,500.00 to plaintiff's counsel in April 2021. (ECF No. 26.1, Weems Decl. ¶ 5; ECF No. 26.6.)

After further proceedings on remand, in August 2021 an administrative law judge found plaintiff disabled and granted her Title XVI claim for SSI. (See ECF No. 26.3.)  As noted in the ALJ's 2021 decision, plaintiff had withdrawn her Title II claim for DIB at the original (pre-appeal) July 20, 2018 hearing. (ECF No. 11.3 at 40-41.)  Whereas the ALJ's 2018 decision did not mention the effect of this withdrawal (likely because it found plaintiff not disabled under either Title II or Title XVI, see ECF No. 11.3 at 16-29), the August 2021 post-remand decision expressly dismissed plaintiff's Title II claim based on the oral withdrawal at the 2018 hearing (ECF No. 26.3 at 5).  Accordingly, on October 8, 2021, the Commissioner notified plaintiff that she was being awarded past-due SSI benefits totaling $48,891.96.[2]  (ECF No. 26.4.)

///

---

[2]   The Notice of Award was sent to plaintiff and to plaintiff's administrative-level representative on October 8, 2021. (ECF No. 26.4 at 1.)  However, as explained in plaintiff's counsel's supplemental declaration in support of his motion, plaintiff's counsel himself did not directly receive a copy of the Notice of Award when it issued; and he was not aware of the award until April 2022. (ECF No. 29.)  Based on these averments, the undersigned finds this motion timely filed within 30 days of counsel's receipt of the notice of final award, as required under the Scheduling Order. (See ECF No. 5 at 4, ¶ 10.)

Plaintiff's counsel now moves for $12,222.99 in attorney's fees (25% of plaintiff's past-due benefits), citing 42 U.S.C. § 406(b) as the basis for this motion.  (ECF No. 26.)  Specifically, counsel seeks an award of "$12,222.99, less the $9,500.00 counsel has received from Plaintiff's [EAJA] award for a <u>net fee</u> of $2,722.99 to be certified for payment from past-due benefits[.]"  (<u>Id.</u> at 2.)  The Commissioner filed a response taking no position on the reasonableness of the amount of fees requested but advising the court that a "net" award is not permissible; rather the court must award the full amount of reasonable fees and counsel must, himself, refund to plaintiff the award he previously accepted under the EAJA.  (ECF No. 28.)

**Legal Standard under § 406(b) or § 1383(d)**

Although plaintiff's counsel seeks attorney's fees under 42 U.S.C. § 406(b), that provision authorizes fees for applicants who prevail on their DIB claims under Title II.  As explained above, plaintiff prevailed only on her SSI claim under Title XVI.  Accordingly, the court construes the motion as seeking attorney's fees under 42 U.S.C. § 1383(d)(2), which authorizes such fees for applicants who prevail on their SSI claims under Title XVI.  <u>See</u> <u>Aguilar v. Saul</u>, 2019 WL 6175021, at *1 n.2 (C.D. Cal. Sept. 16, 2019) (noting distinct fee authorizing statutes).  Counsel's mistaken reliance on § 406(b) is not much of an obstacle because "the same standards generally apply to both provisions, as § 1383(d)(2) largely incorporates § 406."  <u>Id.</u>; <u>see</u> 42 U.S.C. § 1383(d)(2)(A) ("The provisions of section 406 . . . shall apply to this part to the same extent as they apply in the case of subchapter II of this chapter.").  These findings and recommendations therefore rely on the case law and standards applicable to § 406(b) motions.

Like § 406(b), section 1383(d) authorizes a reasonable fee for attorneys who represent a successful social security claimant in federal court, up to a maximum of 25% of the total past-due benefits awarded by the Commissioner.  <u>See</u> 42 U.S.C. §§ 1383(d)(2)(B), (d)(2)(A) (attorney may recover fees for SSI benefits awarded to client "to the same extent" permitted by § 406(b)).  Unlike fee-shifting provisions where the losing party is responsible for attorney's fees, the attorney's fees authorized under § 406(b) or § 1383(d) are paid by the claimant out of the past-due benefits awarded.  <u>Gisbrecht v. Barnhart</u>, 535 U.S. 789, 802 (2002).

///

3

The Commissioner typically does not act as an adversary, but instead as an adviser to the court with respect to these fee requests. Crawford v. Astrue, 586 F.3d 1142, 1144 n.2 (9th Cir. 2009) (en banc) ("The Commissioner plays a part in the fee determination resembling that of a trustee for the claimants."). "Because the [Commissioner] has no direct interest in how much of the award goes to counsel and how much to the disabled person, the district court has an affirmative duty to assure that the reasonableness of the fee is established." Id. at 1149.

In reviewing the fee request, the court looks first to the parties' contingency-fee agreement, then tests it for reasonableness—always respecting "the primacy of lawful attorney-client fee agreements . . . ." Gisbrecht, 535 U.S. at 793 (noting that courts following this method have "appropriately reduced the attorney's recovery based on the character of the representation and the results the representative achieved."). To this end, the Ninth Circuit instructs:

> A fee resulting from a contingent-fee agreement is unreasonable, and thus subject to reduction by the court, if the attorney provided substandard representation or engaged in dilatory conduct in order to increase the accrued amount of past-due benefits, or if the "benefits are large in comparison to the amount of time counsel spent on the case. [A]s an aid to the court's assessment of the reasonableness of the fee yielded by the fee agreement," but "not as a basis for satellite litigation," the court may require counsel to provide a record of the hours worked and counsel's regular hourly billing charge for noncontingent cases.

Crawford, 586 F.3d at 1148 (citations omitted). The attorney bears the burden of establishing the reasonableness of the fee. Gisbrecht, 535 U.S. at 807 n.17.

Thus, unlike in standard attorney's fees motions based on the lodestar method, the court's reasonableness inquiry "must begin, under Gisbrecht, with the fee agreement, and the question is whether the amount need be reduced, not whether the lodestar amount should be enhanced." Crawford, 586 F.3d at 1149, 1151 ("the district court must first look to the fee agreement and then adjust downward if the attorney provided substandard representation or delayed the case, or if the requested fee would result in a windfall").

////

////

**Analysis**

In support of this motion for attorney's fees, after prompting by the undersigned, plaintiff's counsel attaches plaintiff's attorney-client agreement, which provides for a contingent fee of 25% of any past-due benefits awarded in plaintiff's case for counsel's work in federal court. (ECF No. 31.1 at 2-3.) The agreement is signed. (Id. at 10.) The court also notes that plaintiff's counsel served a copy of the motion on plaintiff and that plaintiff did not file any objections to this fee request. (Weems Decl. ¶ 15.) Accordingly, the court has no reason to doubt plaintiff's counsel's representations regarding the fee agreement. As noted above, plaintiff's counsel seeks $12,222.99 in fees, reflecting the full 25% of plaintiff's past-due benefits award.

In light of the guidance provided in Crawford, the court finds plaintiff's counsel's fee request to be reasonable. First, agreements providing for fees of 25% of past-due benefits are the "most common fee arrangement between attorneys and Social Security claimants." Crawford, 586 F.3d at 1147. Additionally, the undersigned finds no indication that plaintiff's counsel performed substandard work or unduly delayed the case; to the contrary, plaintiff's counsel's work ultimately resulted in a fully favorable decision for plaintiff and an award of back benefits and continuing benefits. Furthermore, the total amount sought ($12,222.99) does not appear to be disproportionate to the amount of time plaintiff's counsel spent on the case. The attachments to the motion reflect that plaintiff's counsel spent 50.4 hours on the case, and a paralegal spent 19.5 hours on the case. (Weems Decl. ¶ 7; ECF No. 26.6 Invoice.) Even counting only the time spent by counsel, this equates to a very reasonable hourly rate of approximately $242 per hour—well below standard market rates for experienced counsel in non-contingency cases in this district, and below counsel's asserted regular rates in his own non-contingency cases. Moreover, the court finds the requested fee amount reasonable in light of the positive outcome achieved as a result of counsel's extensive briefing of plaintiff's motion for summary judgment, which efficiently persuaded the Commissioner to agree that remand was warranted. For these reasons, the court recommends awarding plaintiff's counsel the requested amount of $12,222.99 in attorney's fees.

Once the court determines that the fee sought is reasonable, it must account for the attorney's fees already paid by the Commissioner pursuant to the EAJA. Gisbrecht, 535 U.S.

at 796.  "Congress harmonized fees payable by the Government under EAJA with fees payable under § 406(b) out of the claimant's past-due Social Security benefits" by requiring the "<u>claimant's attorney</u> [to] refund to the claimant the amount of the smaller fee," up to the point where the claimant receives 100% of the past-due benefits. <u>Gisbrecht</u>, 535 U.S. at 796 (emphasis added, cleaned up).  Here, the court finds counsel's § 1383(d) request reasonable, and therefore orders counsel to pay plaintiff the $9,500 in EAJA fees previously awarded (ECF No. 25).

        Plaintiff's counsel argues that, in the interest of efficiency, the court should effectuate the fee award by applying an offset of $9,500 for the EAJA fees counsel has already collected and direct the Commissioner certify for additional payment to counsel $2,722.99 in back benefits, representing the net difference between the EAJA and § 406(b) / § 1383(d) awards.  (ECF No. 26 at 8; Weems Decl. ¶ 14.)  This is not permitted under <u>Gisbrecht</u>, 535 U.S. at 796, which specifically instructs that the <u>attorney</u> is responsible for refunding the EAJA fees to their client. See <u>Rhoades v. Comm'r of Soc. Sec.</u>, No. 2:18-CV-1264-JAM KJN, 2020 WL 6111680, at *3 (E.D. Cal. Oct. 16, 2020), <u>report and recommendation adopted</u>, 2020 WL 6684641 (E.D. Cal. Nov. 12, 2020).  Thus, the undersigned recommends ordering the Commissioner to pay the full § 1383(d) fees to counsel and ordering counsel to refund to plaintiff the EAJA award—not ordering a single, net payment to counsel with an offset.

## **RECOMMENDATIONS**

Accordingly, the undersigned RECOMMENDS that:

1. Plaintiff's counsel's motion for attorney's fees (ECF No. 26) be GRANTED;
2. The Commissioner be ordered to pay plaintiff's counsel the sum of $12,222.99 in attorney's fees under 42 U.S.C. § 1383(d); and
3. Plaintiff's counsel be ordered to reimburse plaintiff for the $9,500.00 in previously-awarded EAJA fees.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen (14) days after being served with these findings and recommendations, either party may file written objections with the court.  Such a document should be captioned "Objections to Magistrate

1  Judge's Findings and Recommendations."  The parties are advised that failure to file objections

2  within the specified time may waive the right to appeal the District Court's order.  Turner v.

3  Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir.

4  1991).

5  Dated:  August 30, 2022

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

higg.1593